UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                          Case No. 12-20371
                                                                            Hon. Lawrence P. Zatkoff

BRANDON BEY,

        Defendant.

_____/

## ORDER

      This matter is before the Court upon the Court's order for supplemental briefing. On January 10, 2013, Defendant Brandon Bey ("Bey") appeared before the Court for sentencing after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1). During Bey's sentencing hearing, the Court raised the issue of whether his counsel should be disqualified from this case based on statements she made on the record in an unrelated case, *U.S. v. Resendiz-Torres*, No. 12-20487.

## I. BACKGROUND

### A. *U.S. V. RESENDIZ-TORRES*

      Defendant's counsel ("Defense Counsel") represented a defendant in a separate case before this Court, *U.S. v. Resendiz-Torres*, No. 12-20487. In *Resendiz-Torres*, the defendant was charged with Unlawful Reentry After Deportation in violation of 8 U.S.C. § 1326(a), (b)(1). On October 4, 2012, pursuant to a Rule 11 Plea Agreement ("Agreement"), Resendiz-Torres pleaded guilty before this Court. According to the Agreement, there were "no sentencing guidelines disputes," and the parties concurred with a 12-level offense-level enhancement for a prior firearm offense under U.S.S.G. § 2L1.2(b)(1)(A). The firearm offense giving rise to the enhancement was Resendiz-Torres's 1996 conviction for carrying a concealed weapon and discharging it from a motor vehicle. According to the Agreement, the

recommended guidelines range for Resendiz-Torres was 30–37 months.

The probation department completed a presentence investigation report which similarly included the 12-level enhancement but which, due to additional criminal history not listed in the Agreement, calculated a higher criminal history category than was computed in the Agreement. As a result, the probation department listed the appropriate guidelines range as 37 to 46 months.

In Resendiz-Torres's sentencing memorandum submitted on December 11, 2012, Defense Counsel stated that the probation department's scoring of the guidelines was "legally correct" and that her client was "satisfied with the accuracy of the [presentence] report."

On December 12, 2012, the Government filed its sentencing memorandum and requested that the Court impose a sentence of 37 months (the cap agreed upon in the Agreement).

The next day, on December 13, 2012, Defense Counsel filed a reply to the Government's memorandum in which she acknowledged, for the first time, that "it ha[d] come to [her] attention that it was in error to stipulate to the application of [the] 12-level enhancement . . . ." Based on this, Defense Counsel also informed the Court that "[she] *may* be subject to a claim of *ineffective assistance of counsel* for improperly advising a client to accept a significant enhancement that *may* not be appropriate under the definitions and language within the sentence[ing] guidelines."[1] (emphasis added).

At Resendiz-Torres's sentencing hearing on December 18, 2012, when the Court asked Defense Counsel if she would like the Court to accept the Agreement, Counsel responded as follows:

> Well, your Honor, I'm in a bit of a trick spot on that. As it turns out, I
> believe I probably have misadvised my client into signing that Rule

---

[1] "Ineffective assistance of counsel" is the term of art used to describe a violation of a criminal defendant's constitutional right to the effective assistance of counsel. INEFFECTIVE ASSIST. OF COUNSEL § 1:1 (Westlaw 2012). The Court does not take the term lightly. By Defense Counsel's use of the term on the record, the Court was put on notice that a constitutional violation might have occurred. *See McMann v. Richardson*, 397 U.S. 759, 771 (1970) (finding that if the Sixth Amendment right to counsel is to serve its purpose, defendants cannot be left to the mercies of ineffective attorneys).

> Eleven Agreement because I don't believe the 12-level increase applies .
> . . .  [M]y client probably has a claim of ineffective assistance if we go
> forward with those guidelines.

The Court admonished Defense Counsel and advised her that she "better be very careful" about her selection of words.  Defense Counsel, indicating that she had no other choice in the matter, responded, "I believe I have an ethical obligation to make the Court aware that I believe there is an error in the scoring of the guidelines."

When asked how she wanted to proceed, Defense Counsel told the Court that in her view there were two options: "Either I have to withdraw as counsel and Mr. Resendiz gets new counsel or the Court should consider sentencing him within the range of 15–21 months which . . . I believe is the appropriate scoring range."

The Court instead accepted the Agreement and invited the parties to present sentencing arguments.  Defense Counsel urged the Court to vary downward from the 37–46 month guidelines range and "fashion a sentence that is no greater than 21 months."  In rebuttal, the Government argued that Resendiz-Torres's 1996 conviction was properly classified as a "firearms offense" under U.S.S.G. § 2L1.2(b)(1)(A)(iii) and Application Note 1(B)(v)(I), and requested a sentence of 37 months.

The Court ultimately sentenced Resendiz-Torres to a term of 37 months of incarceration.  The Court also stated on the record that the "[p]robation [d]epartment calculation is correct", with the applicable sentencing guidelines range being 37–46 months.

### B. THE INSTANT CASE

At the sentencing hearing in this case, the Court questioned whether Defense Counsel would be competent to continue representing Bey given her statements concerning the possible ineffective assistance provided to Resendiz-Torres. The Court ordered the parties to address the Court's concern in writing. The Government does not share the Court's concern about Defense Counsel's continued

3

representation of Bey.

## II. DISCUSSION

It is the Court's responsibility to preserve both the rights of criminal defendants appearing before the Court as well as the public's interest in the administration of criminal justice. *See* ABA STANDARDS FOR CRIMINAL JUSTICE: SPECIAL FUNCTIONS OF THE TRIAL JUDGE 6–1.1(a) (3d ed. 2000) ("The trial judge has the responsibility for safeguarding both the rights of the accused and the interests of the public in the administration of criminal justice.").

In *Resendiz-Torres*, Defense Counsel stated on the record that she ineffectively assisted the defendant in that case with respect to his signing a Rule 11 Plea Agreement. The Court sought to ensure that the same error befalling Resendiz-Torres did not arise again in connection with Bey's Rule 11 Plea Agreement. It would be of little regard for the rights of Defendant, and for the public's interest and confidence in the administration of criminal justice, were the Court to permit admittedly ineffective counsel to continue with any proceeding before the Court without inquiry.

As such, out of an abundance of caution, the Court ordered additional briefing by the parties to ensure that Defense Counsel had sufficient understanding of the United States Sentencing Guidelines, Federal Rules of Criminal Procedure, and all relevant authority. The Court largely agrees with both parties that Defense Counsel should be permitted to continue representing Defendant in this case. The Court, however, does note several concerns based on Defense Counsel's statements made in open court.

The Court finds it questionable as to why, in the *Resendiz-Torres* Agreement, Defense Counsel would agree to a guidelines range of 30–37 months; then, agree to the probation department's presentence report guidelines range of 37–46 months; then affirm her agreement on December 12, 2012, by filing Defendant's sentencing memorandum requesting a guidelines range of 37 months; only to later reply to the Government's sentencing memorandum by claiming that she *may* have ineffectively counseled her

client to accept a guidelines range that *may* have been inappropriate.  At that point, rather than making a definitive determination and expeditiously making any such finding known to the Court, Defense Counsel waited five days, until Resendiz-Torres's sentencing hearing, to finally declare to the Court that she made an error.  Defense Counsel then asserted—for the first time—that she believed the correct guidelines range was 15–21 months.  This, however, was not the correct guidelines range.

Defense Counsel could have double-checked the correct guidelines range before agreeing to the Rule 11 Agreement, but she failed to do so.  She could have double-checked the correct guidelines range before concurring with the probation department, but she failed to do so.  She could have double-checked the correct range before concurring again in Defendant's sentencing memorandum, but she failed to do so.  After indicating, on December 13, 2012, that she *may* have been incorrect (though without actually providing a proposed guidelines range), Defense Counsel could have made a determination of the correct range and notified the Court with an appropriate filing before the date of sentencing, but she failed to do so.  Instead, Defense Counsel waited until the day of sentencing to go on the record and state that she was ineffective, and then provided the Court with an *incorrect* guidelines range.[2]  Therefore, the Court was

---

[2] As it were, the correct guidelines range for Resendiz-Torres is 37–46 months.  A violation of 8 U.S.C. § 1326, provides a base level offense of 8.  U.S. Sentencing Guidelines Manual § 2L1.2(a).  If the offender was previously removed after a conviction for a felony that is a "firearms offense", and if that conviction does not receive criminal history points, a 12-level increase is added to the offender's base level.  *Id.* at § 2L1.2(b)(1)(A)(iii).  The commentary to Guidelines § 2L1.2 defines the term "firearms offense" in pertinent part as: "[a]n offense under federal, state, or local law that prohibits the importation, distribution, transportation, or trafficking of a firearm described in 18 U.S.C. § 921 . . . [; or] [a]n offense under federal, state, or local law that prohibits the possession of a firearm described in 26 U.S.C. § 5845(a)".  *Id.* at cmt. n.1.

Resendiz-Torres was convicted under Michigan law for carrying a concealed weapon in violation of Mich. Comp. Laws § 750.227.  That statute prohibits a person from "carry[ing] a pistol concealed on or about his . . . person, or, whether concealed or otherwise, in a vehicle operated or occupied by the person . . . without a license to carry the pistol . . . ."  Mich. Comp. Laws § 750.227.  Reading Mich. Comp. Laws § 750.227 in conjunction with the Sentencing Guidelines' commentary, Resendiz-Torres was convicted of "an offense under . . . state . . . law that prohibits the . . . transportation . . . of a firearm described in 18 U.S.C. § 921[.]"  Though the Michigan statute does not explicitly use the word "transportation" or define the word "carry", when an individual carries a pistol it follows logically that the individual is, in effect, transporting the pistol as well.  *See People v. Hill,* 257 Mich. App. 126, 145 (2003) (reiterating that undefined statutory terms are to be given their plain and ordinary meanings and that it is appropriate to consult a dictionary to obtain the definitions).  *See also Black's Law Dictionary* (5th ed.) (defining "carry" as "to bear, bear about, sustain, transport, remove or convey"); *Random House Webster's College Dictionary* (1992) (defining "carry" to include "take from one place to another", or "transport").  As such, Resendiz-Torres's conviction qualifies as a "firearms offense" within the meaning of § 2L1.2(b)(1)(A)(iii) and application of a 12-level enhancement to his base offense level was appropriate under the circumstances.  The Court therefore finds that the probation

correct to question whether Defense Counsel was sufficiently effective to determine whether these errors would continue in her representation of Bey.  While the Court acknowledges that attorneys occasionally make mistakes, Defense Counsel had a number of opportunities to convey her concerns to the Court before requesting an incorrect range of 15–21 months on the day of the sentencing hearing.

Nevertheless, upon consideration of the parties' briefs, the Court is satisfied that Defense Counsel's oversights in this case are not characteristic of overall ineffectiveness sufficient to jeopardize the rights of the Defendant or the interests of the public in the administration of justice.  Therefore, the Court shall permit Defense Counsel to proceed in her representation of Defendant.

Accordingly, IT IS HEREBY ORDERED that Defendant's Counsel shall represent Defendant in his sentencing hearing before the Court.

IT IS SO ORDERED.

Date:  March 19, 2013                                  s/Lawrence P. Zatkoff
                                                       Lawrence P. Zatkoff
                                                       United States District Judge

---

department correctly determined the guidelines range for Resendiz-Torres was 37–46 months.